# NEW YORK SUPERIOR COURT.

## DAVID OGDEN agt. FERNANDO WOOD.

*Action by a judgment creditor for payment by a third person out of alleged trust funds.*

To compel the appropriation of money or property to the satisfaction of a judgment, either under the statute or other proceedings in equity, there is no reason to doubt that money, or any thing into which it has been turned, or in which it has been invested which can be traced or treated in equity as if it were the money itself, can be used to satisfy the judgment.

But in creditors' suits there must be something so specific that as to it, either in law or in equity, the plaintiff's judgment or execution, or the filing of the bill or the appointment of a receiver, will create a lien or make a title.

On the law of this case the action cannot be maintained, and the alleged money in the hands of the defendant not being traced or attempted to be, the plaintiff's right rests upon an action of tort if there are any facts which would support such an action.

*Special Term, July,* 1876.

*A. H. Reavy,* for plaintiff.

*James M. Smith,* for defendant.

SEDGWICK, *J.* — Plaintiff is the judgment creditor of N. Hill Fowler and claims in this action that certain moneys paid to the defendant in fraud of creditors, as alleged, should be appropriated to the payment of judgments owned by him. The complaint demands judgment that the defendant be directed to account for the moneys aforesaid received and

Ogden agt. Wood.

taken by him, as aforesaid. That the defendant be directed to pay into court, or transfer or pay to a receiver, the aforesaid moneys; and that the said sum, or so much thereof as may be sufficient to pay the amount of the aforesaid several judgments and cost of this action, be paid over to the plaintiff in satisfaction thereof, and that a receiver be appointed and the defendant restrained, &c.

The moneys referred to were various amounts in bank bills, to a greater sum than $10,000, alleged to have been paid at different times before March, 1865, to the defendant, under an unlawful agreement between them.

The action was begun about February, 1869. There was no attempt to trace the money as a fraud, excepting it was argued that a deposit of $4,300, made in January, 1863, was a part of the moneys.

By section 38 (2 *R. S.*, 174) an action may be brought against such defendant to compel the discovery of any property or things in action belonging to the defendant, and of any property, money or things in action due to him or held in trust for him; and by section 39 the court shall have power to decree satisfaction of the sum remaining due on such judgment out of any personal property, money or things in action belonging to the defendant or held in trust for him.

It is manifest that the defendant in the judgment, Fowler, had no interest in the moneys after they were delivered, as alleged by him in the unlawful agreement, to which he testified he was a party, and could not have recovered them by action. No part belonged to him or was held in trust for him.

Furthermore, by the statutes, the property out of which the judgment is to be satisfied must be property in the hands of the third party (*Nicholson* agt. *Leavett*, 4 *S. S. C. R.*, 71; *Kampe* agt. *Bridge*, 2 *Robertson R.*, 446; *Sage* agt. *Mosher*, 28 *B. S. C. R.*, 288).

No such property is in the hands of the defendant, either by proof or by agreement. Various sums of money were

Ogden agt. Wood.

alleged to be paid from February, 1863, to March, 1865. The plaintiff's counsel argues that there is a presumption of law, the money having been shown in the hands of the defendant, that it so remained in that state until the defendant proves the contrary. This would appear to me to be a misapplication of the presumption of continuance. The presumption is made in reference to the character and law of existence of the theory as to which the proof is directed. If its nature is such that naturally it would not endure, it is not presumed to continue in existence. Ice would not be presumed to continue ice, after a certain time, through a melting temperature. Money in bills cannot be presumed to retain its first state or situation for four years, or to go into such forms that it can be traced through that time. The presumption is to the contrary.

It is against the interest of the possessor to keep it unused. If he did, it would be unusual and extraordinary. The burden of proof is upon the party asserting that the money has retained its form or situation, or asserting that its proceeds can be traced.

On the facts in this case there is no proof even that the bank account of the defendant has retained even an equal amount of money said to have been part of the moneys delivered from the time of delivery to the commencement of the action. The statute, therefore, does not support the action for the reason that the plaintiff does not show that the defendant has in his possession any of the alleged moneys or their proceeds.

Under the statute, as well as in other proceedings in equity to compel the appropriation of money or property to the satisfaction of a judgment, there is no reason to doubt that money, or any thing into which it has been turned or in which it has been invested, which can be traced or treated in equity as if it were the money itself, can be used to satisfy the judgment. But in creditors' suits there must be something so specific that as to it, either in law or in equity, the

plaintiff's judgment or execution, or the filing of the bill or the appointment of a receiver, will create a lien or make a title.

The rights of the parties have been determined, and the court is endeavoring to find property which may be used to satisfy a judgment.

If this were otherwise, a creditor's suit would be an action for damages for the breach of some obligation to the complainant, and a judgment would be obtained in equity for damages against a defendant for so dealing with property formerly in existence that it was put beyond the reach of legal or equitable process.

This would be but a legal cause of action which would involve knowledge or notice that the alleged dealing was in fraud of creditors.

The elements of the cause of action would be different from that stated in a creditor's bill, and the rights of a defendant in such an action would be of a different nature, especially as to the statute of limitation and the right to a jury.

In the present case the complaint proffers no issue upon a legal cause of action of the character described.

The best view of the case, perhaps, for the plaintiff, would be that there was an implied trust as to the alleged moneys in the hands of defendant in favor of the creditors.

In a case of trust, judge STORY says: "It matters not, in the slightest degree, into whatever other form different from the original the change is made, whether it be that of promissory notes, or of goods or of stock; for the product of a substitute for the original thing still follows the nature of the thing itself so long as it can be ascertained to be such. The right ceases only when the means of ascertaining fails, which is of course the case when the subject-matter is turned into money and mixed and confounded in a general mass of property of the same description."

On the law of this case I am of the opinion that the action cannot be maintained, and that the alleged money not being

Ogden agt. Wood.

traced, or attempted to be, the plaintiff's right rests, after the ascertainment became impossible, upon an action for tort, if there are any facts which would support such an action.

The decision is made upon the motion to dismiss the complaint at the end of the testimony, and the judgment will be founded upon the result of that motion without further findings of fact.